Fecteau, J.
On November 19, 2001, the plaintiff commenced an action in this court seeking an adjudication that he is not sexually dangerous under the provisions of G.L.c. 123A, basing his application upon a report to that effect from a consulting examiner in 1985.[1] As such, the plaintiff contends that principles of estoppel bar the Commonwealth from ever being able to petition for his commitment as a sexually dangerous person. Although his petition does not give any details of his present incarceration,[2] it appears from an opposition recently filed by the Commonwealth that the plaintiff is under a sentence from which he is not expected to be released until 2009. There is currently pending no petition filed by the Commonwealth under the provisions of G.L.c. 123A for the commitment of the plaintiff.
The Commonwealth opposes this petition and seeks its dismissal, on the ground that it is essentially a petition for declaratory relief but that it is premature, as there is presently no case or controversy for which such relief would be appropriate. The commitment scheme established by the version of c. 123A in existence in 1985 allowed for a 60-day evaluation period during which examinations were to be performed either prior to sentencing for the offense upon which the prisoner has been convicted or while serving a sentence.[3] The examinations, in either case, shall be “under the supervision of not less than two psychiatrists who shall, within said period, file with said court a written report of such examination and diagnosis, and their recommendations for the disposition of such person . . .” G.L.c. 123A, §4 “If the report of the psychiatrists to the court as required under section four indicates that such prisoner is not a sexually dangerous person, the court shall order such prisoner to be reconveyed to the institution wherein he was serving his sentence ... If such report clearly indicates that such prisoner is a sexually dangerous person, the clerk shall thereupon notify the court and the district attorney, and the district attorney shall file a petition for commitment of the prisoner to the center . . .” G.L.c. 123A, §6.
The plaintiff relies, in part, on the case of Commonwealth v. Travis, 372 Mass. 238 (1977), in which it was stated: “as a matter of fundamental fairness under the due process clause of the Fourteenth Amendment to the United States Constitution, a finding that an individual is no longer sexually dangerous must be as immune from subsequent or collateral attack as is a criminal judgment of acquittal.” at 241. This issue was also raised in Commonwealth v. Bruno, 432 Mass. 489 (2000), a case not unlike that herein. The issue presented in both cases is whether the Commonwealth seeks to commit the defendant on essentially the same grounds or “as it relates to the individual’s status at the time the finding was made.” Bruno, supra, at 505, quoting from Commonwealth v. Travis, 372 Mass. 238 (1977), at 249 fn. 5. The court, however, limited its holding “only to circumstances in which there has been a finding [pursuant to a §5 proceeding] that an individual is not sexually dangerous at that particular time and a subsequent or collateral attack is made on that finding as it relates to the individual’s status at the time the finding was made.” Bruno, supra, at 505, quoting from Travis, at 249.
Here, there was no “finding” or adjudication that the defendant was not sexually dangerous. The report of the examiner was not one prepared following a 60-day period of observation: it is a report of a consulting examiner that merely recommended against a formal observation period. Such a report from Dr. Moore, even if it had been filed following a 60-day commitment does not constitute an adjudication. See Hosie, Petitioner, 54 Mass.App.Ct. 624 (2002), which states, at p. 627, that “unanimity certainly would not be required in a psychiatric report [which] is merely a preliminaiy step which may lead to a hearing before a judge as to whether a person is [a sexually dangerous person], and is not a final adjudication of any kind.”
Moreover, as regards any future petition, the Commonwealth would have to rely upon a definition of “sexually dangerous person” different than existed in 1985[4] and the Commonwealth’s evidence would be required to include conduct and behavior of the defendant that would be supportive of a determination as of the present time that the plaintiff meets the current statutory definition of a sexually dangerous person.
Consequently, since the plaintiff has failed to state a claim upon which relief might be granted, the Commonwealth’s cross motion to dismiss must be allowed.
*658 ORDER ON MOTION
For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED. The plaintiffs complaint is ordered dismissed.

The report of Robert F. Moore, M.D. is attached to the plaintiffs memorandum of law in support of his motion.

According to the report of Dr. Moore, the defendant was sentenced in this court in December 1982, to a term of incarceration of 17 to 25 years for the crime of rape.

The term “sexually dangerous person” as defined in the version of c. 123A as then existed, meant “any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive behavior and either violence, or aggression by an adult against a victim under the age of sixteen years, and who as a result is likely to attack or otherwise inflict injury on the objects of his uncontrolled or uncontrollable desires.” G.L.c. 123A, §1, as enacted by the Acts and Resolves of 1958, c 646, §1.

As defined in the current version of c. 123A, sexually dangerous person is defined as
any person who has been (i) convicted of or adjudicated as a delinquent juvenile or youthful offender by reason of a sexual offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in sexual offenses if not confined to a secure facility: (ii) charged with a sexual offense and was determined to be incompetent to stand trial and who suffers from a mental abnormality or personality disorder which makes such person likely to engage in sexual offenses if not confined to a secure facility: or (iii) previously adjudicated as such by a court of the commonwealth and whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of 16 years, and who, as a result, is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires.
G.L.c. 123A, §1, as enacted by c. 74, §§3-6 of the Acts and Resolves of 1999.